UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MUSAB ZGHOUL, et al.,<br><br>    Defendants. | Case No. 24-cv-07702-DMR<br><br>**ORDER EXTENDING DEADLINE TO EFFECT SERVICE AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SERVE THE CALIFORNIA SECRETARY OF STATE**<br><br>Re: Dkt. No. 10 |

Plaintiff Gerardo Hernandez, alleging violations of the Americans with Disabilities Act ("ADA") and related state laws, moves to serve his complaint on Defendant A & M Properties, L.P. ("A&M") by serving the complaint on the California Secretary of State pursuant to California Corporations Code § 15901.16(c). For the reasons discussed below, Hernandez's motion is denied without prejudice.

**I.  BACKGROUND**

Hernandez is a wheelchair user who is "physically disabled" within the meaning of the ADA and related state law. [Docket No. 1 ("Compl.") ¶ 8.] Defendant Musab Zghoul dba Bayshore 76 aka Royal Gas and Defendant A & M Properties, L.P. ("A&M") are the operator and property owner, respectively, of a gas station facility located at 975 Bayshore Boulevard, San Francisco, California (the "Facility"). [*Id.* ¶¶ 1-2, 7.] Hernandez alleges that he visited the Facility on June 27, 2024 and "encountered barriers (both physical and intangible) that interfered with" his ability to enjoy the Facility, such that he had difficult accessing designated accessible parking, the gas pump payment device, and the Facility store. [*Id.* ¶ 10.] Hernandez brings claims under the ADA, the California Unruh Act, and California Health and Safety Code § 19955 et seq. [*Id.* ¶¶ 16-47.]

Hernandez filed his complaint and proposed summons on November 5, 2024. [Docket Nos. 1, 2.] Zghoul was served on December 6, 2024. [Docket No. 9.] The deadline for Hernandez to complete service on A&M or file a motion for administrative relief was January 6, 2025—60 days after the complaint was filed. [*See* Docket No. 5.] On December 10, 2024, following several attempts to serve A&M, Hernandez filed this motion to serve the California Secretary of State on behalf of A&M, pursuant to California Corporations Code § 15901.16(c). [Docket No. 10, "Mot.").] No response was filed, and the court deemed this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). [Docket No. 11.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4 governs service of the complaint and summons. Under Rule 4(h), a corporation or partnership may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a corporation or partnership may be served in accordance with Rule 4(e), which allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Due process requires that service of process must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (citation omitted).

## III. DISCUSSION

Hernandez seeks leave to serve the summons and complaint on A&M, a limited partnership, via service on the California Secretary of State pursuant to California Corporations Code § 15901.16(c)(1). [Mot. at 2-3.] Hernandez explains that his counsel has attempted several times to serve A&M by personally serving Charles M. Thompson, the designated agent for service of process according to A&M's official Statement of Information. [*Id.* at 2-3; Docket No. 10-1 ("Moore Decl.") ¶¶ 3, 5; Docket No.10-2 at 2 ("Ex. A," A&M's June 22, 2015 Statement of

Information), 6-9 ("Ex. C," Mr. Thompson's LinkedIn page).] The Moore Declaration in support of Hernandez's motion attaches two non-service reports. The first non-service report indicates that two unsuccessful personal service attempts took place on November 15 and November 18, 2024, at an office address associated with Thompson's law firm: 450 Pacific Ave, Suite 200, San Francisco. [Docket No. 10-2 at 4 ("Ex. B").]

Thereafter, Hernandez's counsel determined that Thompson's law firm had moved to a new office address: 930 Montgomery Street, Suite 300, San Francisco. [Moore Decl. ¶¶ 4-6; Docket No. 10-2 at 11-13 ("Ex. D").] The second non-service report indicates three unsuccessful personal service attempts at this address on November 22, 25, and 26, 2024. [Docket No. 10-2 at 15 ("Ex. E").] The first two unsuccessful attempts include notes such as: "Called through call box no answer no access inside." [*Id.*] The third and final attempt has the note: "Receptionist stated the lawyer is refusing to accept since they don't represent them[.]" [*Id.*] The Moore Declaration also attaches a December 4, 2024 email from a senior paralegal employed by Hernandez's counsel to Thompson's email address associated with his law firm, stating the name and number of this case in the subject line and requesting confirmation that Thompson is either refusing service or willing to waive service, to which Thompson did not reply. [*Id.* at 17 ("Ex. F"); Moore Decl. ¶ 8 ("No response has been received.").]

Under California law, a court may authorize service on a limited partnership via hand delivery to the California Secretary of State. *See* Cal. Corp. Code § 15901.16(c)(1). "Service in this manner shall be deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.* The Secretary of State thereafter gives notice of the service of process to the limited partnership "at its principal office, by forwarding to that office, by registered mail with request for return receipt, the copy of the process." *Id.* § 15901.16(c)(2). To order service on the Secretary of State pursuant to California Corporations Code § 15901.16(c), a court must be "shown by affidavit . . . that process against a limited partnership . . . cannot be served with reasonable diligence upon the designated agent . . . by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure[.]" *Id.* § 15901.16(c)(1). California Civil Procedure Code section 415.10 allows

3

for service by "personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. Section 415.20(a) allows for service "by leaving a copy of the summons and complaint during usual office hours in his or her office . . . and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.* § 415.20(a). Section 415.30(a) allows for service whereby copies of the summons and complaint are "mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." *Id.* § 415.30(a); *see also id.* § 415.30(b) (describing the requirements of the notice).

Having reviewed the Moore Declaration and exhibits attached thereto, the court declines to grant Hernandez's motion for service on the Secretary of State because it has not been "shown by affidavit to [its] satisfaction that process against [A&M] cannot be served with reasonable diligence upon the designated agent" by the processes outlined in California Civil Procedure Code §§ 415.20(a) and/or 415.30(a). Cal. Corp. Code § 15901.16(c)(1). The exhibits submitted with the Moore Declaration establish several unsuccessful attempts at personal service of Thompson seemingly pursuant to California Civil Procedure Code § 415.10. However, it does not appear from the motion or exhibits submitted that Hernandez's counsel attempted service pursuant to section 415.20(a), which allows service "by leaving a copy of the summons and complaint during usual office hours in his or her office . . . and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid" to the same person and office. *Id.* § 415.20(a). It also does not appear from the motion or exhibits submitted that Hernandez's counsel attempted service pursuant to section 415.30(a), permitting service whereby a copy of the summons and complaint are "mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." *Id.* § 415.30(a). Hernandez's counsel's email service to Thompson using his law firm email address is not provided for in California Corporations Code § 15901.16(c)(1) or any of the three California Code of Civil

4

Procedure sections referenced therein. The fact that Thompson may have previously refused personal service on the grounds that his firm does not represent A&M in this action [*see* Moore Decl. ¶ 7; Ex. E], does not alone warrant service of the complaint on the Secretary of State prior to Hernandez exercising reasonable diligence to effect service on A&M through the other methods provided for in § 15901.16(c)(1).[1]

Accordingly, Hernandez's motion to serve the California Secretary of State is denied without prejudice. The court grants Hernandez's request for extension to serve and allows Hernandez 30 days to effect service by either of the above methods.

IV.   **CONCLUSION**

For the foregoing reasons, Hernandez's motion for service on the California Secretary of State is denied without prejudice. Hernandez's request to extend the deadline to effect service is granted. Hernandez shall have until March 20, 2025 to serve A&M.

**IT IS SO ORDERED.**

Dated: February 18, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

---

[1] The court notes that A&M's Statement of Information ("SOI"), indicating that Thompson is A&M's designated agent for service, was filed with the California Secretary of State almost 10 years ago. It appears to be the most recent SOI on file.

5